IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Annemarie E.,[1] | ) | Case No. 6:23-cv-01844-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION AND ORDER** |
| v. | ) | |
| | ) | |
| Commissioner of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on an action brought by Plaintiff pursuant to 42 U.S.C. Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Plaintiff's claim for disability insurance benefits ("DIB") under the Social Security Act (the "Act"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings.

On May 8, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the Commissioner's decision be affirmed. [Doc. 40.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 26.]

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

Plaintiff filed objections to the Report, the Commissioner filed a reply, and Plaintiff subsequently filed what she styled as an objection to the Commissioner's reply.[2] [Docs. 42; 44; 46.]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

Under 42 U.S.C. § 405(g), the Court's review of the Commissioner's denial of benefits is limited to considering whether the Commissioner's findings "are supported by

---

[2] In addition to arguing that Plaintiff's objections to the Report are conclusory and fail to warrant de novo review of the Report, the Commissioner also argued in his reply that Plaintiff's objections were untimely because they were filed one day after the deadline. [Doc. 44 at 2–3.] Plaintiff's response focused on this narrow issue, contending that her objections were filed on May 22, 2024, the day of the deadline. [Doc. 46 at 1.] Plaintiff acknowledged that after filing her objections on May 22, 2024, she received a docket error notice from the Court, stating that her filing should have been filed as an objection rather than a response brief, but that "[t]he original filing date and response due date [would] be preserved, regardless of the deficiency noted." [Doc. 46-2.] This error has since been corrected on the docket and the Court finds that Plaintiff's objections to the Report were timely filed.

2

substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . . it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* (internal quotation marks omitted). In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Id.* Consequently, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

The Report concludes that the ALJ's findings are supported by substantial evidence and free of legal error and should therefore be affirmed. [*Id*. at 25.] Plaintiff's objections, however, fail to address the Report's recommendations. As an initial matter, the Report finds that Plaintiff essentially "requests that this court consider evidence evaluated by the [Administrative Law Judge ("ALJ")] and come to a different conclusion, which is beyond the purview of substantial evidence review."[3] [Doc. 40 at 8.] Plaintiff makes no objection to this finding and instead asks the Court again to consider the evidence and come to a different conclusion. [*See* Doc. 42 at 3, 4 ("Plaintiff respectfully submits that the conclusion of the Magistrate Judge to the contrary should not be adopted by the Court.").] Other than generally re-stating her arguments that the ALJ failed to

---

[3] The Report also notes several times that Plaintiff referenced an improper standard for evaluation of medical opinion evidence because her application was filed after March 27, 2017, which triggered a new regulatory framework under 20 C.F.R. § 404.1520c. [Doc. 40 at 13–15, 18, 21.]

properly consider the evidence, Plaintiff has failed to address the substantive findings in the Report.  For example, although Plaintiff argues that the Magistrate Judge "downplayed" evidence relating to handicap placard applications completed by Drs. Loudermilk, Messer, and Zhou Wang [Doc. 42 at 3], she does not address the Report's finding that "[t]o the extent [Plaintiff] relies on handicap placard applications she contends were completed by Drs. Messer or Zhou Wang, these documents are not part of the record before this court and [Plaintiff] has not provided a citation to record evidence containing such applications" [Doc. 40 at 15 n.8.] and fails to direct the Court to record evidence including these applications.

      The Court has conducted a de novo review of the Report, the record, and the applicable law.  Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference.  Accordingly, the decision of the Commissioner is AFFIRMED.

      IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

July 16, 2024  
Greenville, South Carolina